CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 3 0 2014
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ABDUL HAMZA WALI MUHAMMAD, | ) | CASE NO. 7:14CV00272 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| HAROLD W. CLARKE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Abdul Hamza Wali Muhammad, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that that prison officials at Red Onion State Prison are failing to accommodate his religious dietary beliefs properly. By separate order, the court has conditionally filed the action, pending plaintiff's consent to pay the $350.00 filing fee. Upon review of the record, however, the court finds that plaintiff's motion for interlocutory injunctive relief and his request for certification of the case as a class action must be denied.

## Background

In his complaint, among other things, Muhammad complains that the Common Fare Diet ("CFD"), a generic religious diet provided to him at Red Onion, includes some foods strictly forbidden by his Nation of Islam ("NOI") dietary requirements. In addition to monetary damages and permanent injunctive relief listed on his complaint, Muhammad moves for a preliminary injunction directing Red Onion officials to provide him immediately with a NOI-approved diet as defined in a court order issued in 1991 to officials at Buckingham Correctional Center following the decision in Johnathan Lee X v. Johnson, No. 6:86CV00082, (W.D. Va. July 14, 1988), aff'd, 888 F.2d 1387 (4th Cir. Oct. 20, 1989) (unpublished). Muhammad also states

that in bringing this action, he represents the class of all NOI inmates in the Virginia Department of Corrections ("VDOC") and seeks designation of the case as a class action.

## Discussion

The court cannot certify a class in an action where a pro se litigant seeks to represent the interests of the class. Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975). In such cases, the court may allow individual plaintiffs each to bring his own lawsuit on the same issue, stating his individual claims, or may appoint counsel to represent a viable class of plaintiffs. Id. However, counsel is appointed to a civil plaintiff only upon a showing of exceptional circumstances necessitating such appointment, as there is no independent constitutional right to appointed counsel in a civil action. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). At this early stage of the litigation, when Muhammad has not yet complied with the court's conditional filing order and the defendants have not been served, the court cannot find sufficient circumstances justifying appointment of counsel. Therefore, the court will deny Muhammad's motion for certification of his case as a class action.

The court also must deny Muhammad's motion for preliminary injunctive relief. Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "[1] that he is likely to succeed on the merits; [2] he is likely to suffer irreparable harm in the absence of preliminary relief; [3] that the balance of equities tips in his favor; and [4] an injunction is in the public interest." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds by 559 U.S. 1089 (2010), reinstated in relevant part by 607 F.3d 355, 355 (4th Cir. 2010) ((quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)). Each of these four factors must be satisfied. Id. at 347.

Muhammad offers no indication whatsoever that he is entitled to receive a religious diet defined by a 1991 court order to officials at another VDOC prison. Muhammad was not a party to that action. Furthermore, the judgment and order in that much earlier case explicitly applied only to the Buckingham Correctional Center. Most importantly, the court notes that the circumstances that prevailed at Buckingham Correctional Center when the earlier order was entered are quite different than those which apparently exist at Red Onion State Prison. Specifically, the Common Fare Diet, which is now served at many institutions, is very different from what was provided to the plaintiffs in the earlier case. Simply stated, Muhammad is unable to avail himself of any protection afforded the plaintiffs in the <u>Johnathan Lee X</u> case. Thus, Muhammad fails to demonstrate any likelihood of success on his claim for relief under the 1991 court order. As such, he cannot satisfy the four requirements for the extraordinary relief he seeks, and the court must deny his motion for preliminary injunction. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of May, 2014.

_____
Chief United States District Judge