CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 03 2014

JULIA C. DOOLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ABDUL HAMZA WALI MUHAMMAD, | CASE NO. 7:14CV00272 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| HAROLD W. CLARKE, ET AL., | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendant(s). | |

Abdul Hamza Wali Muhammad, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials at Red Onion State Prison interfered with his ability to utilize the grievance procedures concerning specific complaints about his religious diet.[1] Upon review of the record, the court finds that the action must be summarily dismissed.

## Background

Liberally construed, Muhammad's initial complaint and attachments (ECF Nos. 1 & 2) present the following issues:

1. Grievance Coordinator Messer rejected at intake several informal complaints and grievances Muhammad filed about his concern that the Virginia Department of Corrections ("VDOC") does not provide a diet which complies with the religious tenets of the "Nation of Islam Black Muslim" inmates, like himself.[2] (ECF No. 1:2, 2:2-3.)

---

[1] Muhammad asserts that once he has exhausted his administrative remedies or is excused from doing so, he intends to challenge the content of the VDOC's religious diet for Muslim inmates under various state and federal statutes, including the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

[2] In the heading of his complaint, Muhammad lists inmate Uhuru-Sekou Obitaiya-Allah as a co-plaintiff and moves to have this dietary claim certified as a "class action," with Muhammad and Obitaiya-Allah as the representatives of the class. (Compl. 1; M. Amend, ECF No. 12) (seeking class action status on Claim 1.) The court cannot certify a class in an action where a pro se litigant seeks to represent the interests of the class. Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975). Therefore, Muhammad's request to classify this case as a class action will be denied.

2. Messer rejected at intake informal complaints and grievances about Muhammad's complaint that between January and April 2014, on four occasions, Officer Thomas Lawson and others "forced" Muhammad to take "pork trays or no trays at all," although his religious beliefs prohibit him from eating pork. (ECF No. 2, p. 3.)

3. Muhammad's attempt to file an informal complaint directly to the regional ombudsman about Messer's actions failed, when the ombudsman referred the complaint to Messer.

4. Muhammad asserts that many VDOC officials are involved in a conspiracy to frustrate his ability to exhaust his administrative remedies as required to bring claims under § 1983 about conditions at Red Onion.

## Discussion

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Under 42 U.S.C. § 1997e(a), an inmate is barred from bringing a prison conditions claim in a federal lawsuit until he has first presented that issue through all levels of the available prison grievance procedures. Woodford v. Ngo, 548 U.S. 81, 90 (2006). On the other hand, inmates do not have a constitutionally protected right to a grievance procedure, Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), and a prisoner's use of grievance procedures is not a protected First

2

Amendment right. Daye v. Rubenstein, 417 F. App'x 317, 319 (4th Cir. 2011). Thus, a prison official's failure to comply with an existing state grievance procedure is not actionable under § 1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Moreover, because state grievance procedures are separate and distinct from state and federal legal procedures, an institution's failure to comply with state grievance procedures does not compromise its inmates' right of access to the courts. Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991).

In each of the claims in this lawsuit, Muhammad sues the grievance coordinator and other prison officials, because they have allegedly violated his constitutional rights by conspiring to frustrate his efforts to exhaust administrative remedies on various issues. Specifically, he complains that the grievance coordinator has rejected his informal complaints or grievances on intake for such reasons as failing to state any personal loss from the challenged issue, including multiple issues, or not providing dates or other specific information about the events he challenges. Muhammad declares that such rejections prove purposeful efforts to prevent him from completing the exhaustion process so he can go to court. He alleges that other officials have condoned these illegal actions by failing to correct these intake errors on appeal.

Contrary to Muhammad's factual characterizations, an official's efforts to require an inmate to bring only one issue per grievance and provide sufficient personal details about his complaint or injury do not prove an intention or conspiracy to prevent exhaustion. For the grievance procedure to serve its intended purposes, inmates must state sufficiently focused facts to allow effective investigation of the specific actions they are contesting. More importantly, however, Muhammad's legal conclusions here are unwarranted. Because he has no right to the VDOC grievance procedure, prison officials' alleged violations of its provisions, even if proven, do not violate any federally protected right. See Adams, Daye, supra. Therefore, Muhammad

3

has no constitutional claim actionable under § 1983, based on prison officials' unsatisfactory responses to his informal complaints, grievances, and appeals. Accordingly, the court must summarily dismiss all of his claims in this action without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.[3] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 3rd day of November, 2014.

                                                                          *[signature]*
                                                                      Chief United States District Judge

---

[3] Since filing his initial complaint, Muhammad has submitted a motion seeking to add more documentation about his dissatisfactions with the VDOC religious diet choices (ECF No. 17) and a motion seeking to proceed with this action without exhausting his administrative remedies (ECF No. 18). To this latter motion, Muhammad attaches a number of affidavits and documents with no explanation about their relevance to the claims in the initial complaint. Several of these documents concern completely unrelated events and legal issues. None of these submissions is framed as a proper motion for leave to amend or an amended complaint. Rather, Muhammad appears to be attempting to pursue § 1983 claims that were not exhausted when he filed the initial complaint and to shoe horn additional unrelated claims into the same lawsuit, in piecemeal fashion. The court will not allow Muhammad to expand this case to include such improperly presented claims and will, therefore, deny these motions. It is clear that Muhammad filed this action before he exhausted administrative remedies as to his claims concerning his religious diet, and as such, they are barred from review in this action under 42 U.S.C. § 1997e(a). Moreover, the court's record reflects that Muhammad is pursuing his religious diet challenge in another pending lawsuit, Case No. 7:14CV00529. In that case, he has submitted documentation of his exhaustion of administrative remedies and consented to pay the filing fee, so the clerk recently mailed notice of waiver of service paperwork to the defendants.

4